## Sanden v. Litzinger

*Bernard J. Hessley,* for petitioner.
*R. Pierson Eaton,* for respondent.

FLICK, Former Judge Specially Presiding, June 10, 1971.—The will of Charles Sanden, deceased, devised his real estate consisting of a 100-acre farm in Eldred Township, Warren County, to his son, Walter F. Sanden, "to have and to hold so long as he wishes to make his home on my farm and maintain the same, it being distinctly understood that said premises are not to be rented." The next sentence of this paragraph

of the will grants Walter F. Sanden "the right to use from said premises sufficient timber for the maintenance of the buildings thereon, and the right also to cut wood for domestic use on said premises."

The next paragraph of the will provides:

"I give, devise and bequeath all of the rest, residue and remainder of my estate unto my grandson Richard C. Litzinger, of the Township of Deerfield, Warren County, Pennsylvania, to have and to hold the same unto my said grandson, his heirs and assigns, forever."

Walter F. Sanden chose to make his home on the farm and because of a dispute between him and testator's grandson, Richard C. Litzinger, in regard to the use of $1,527.95, proceeds of the sale of standing timber on the farm, now held in escrow, for payment of local real estate taxes, fire insurance premiums and repairs and maintenance of the dwelling and other buildings, he filed a petition for a citation on Richard C. Litzinger to show cause why said moneys should not be so used. An answer to the petition was filed by the attorney for Richard C. Litzinger, admitting all the facts alleged in the petition but alleging that the fact that the farm was unproductive and earned no income was immaterial, and that, referring to the will, he relied on the "testamentary disposition of the real estate as set forth therein in accordance with law." The citation was issued and a hearing held at which both parties testified. Briefs were filed, legal argument made to the court and this opinion will determine the issue raised.

It is admitted that petitioner is 71 years old, in ill health, and unable to continue operating the farm or work at other occupations. Being without adequate funds, he sold some standing timber on the farm for $1,572.95 intending to use said money to pay local taxes and to pay for repair and upkeep of the dwelling

house and out buildings. The respondent objected and the money was placed in escrow pending the outcome of this proceeding.

The position taken by counsel for respondent is that the will devised a life estate in the farm to the petitioner and the remaining interest to the respondent, and under general principles of law a life tenant is responsible for ordinary repairs, maintenance, taxes and insurance premiums during his tenancy.

The position taken by the petitioner is that under the Principal and Income Act of July 3, 1947, P. L. 1283, 20 PS §3470.1 et seq., he has a right to use principal for taxes, maintenance, fire insurance, the estate being unproductive. The court agrees with the petitioner. Not only does the Principal and Income Act cover this situation but the will itself gives the petitioner the right to use principal, i.e., timber on the farm, not only for his own domestic use but "sufficient timber for the maintenance of buildings thereon." This provision certainly distinguishes the case from the ordinary life tenancy. Of course, it will be necessary for petitioner to submit to respondent a statement as to how he expends any money from the sale of timber, but in the court's opinion, he has the right to expend such sums for real estate taxes, premiums for fire insurance on farm buildings and for costs of reasonable repairs to, upkeep and maintenance of, the buildings. Such expenditures are not only necessary to the petitioner for the home on the farm which testator gave to him, but will ultimately return to the benefit of the respondent as the owner of remainder interest in said farm.

Therefore, the court makes the following order:

## ORDER

And now, June 10, 1971, for the reasons stated in the foregoing opinion, it is hereby ordered and decreed

that the prayer of petition of Walter F. Sanden is granted, the citation issued thereon is made absolute and said Walter F. Sanden is authorized to expend such part of $1,572.95 obtained from the sale of timber on the farm of the late Charles Sanden, now occupied by Walter F. Sanden under the terms of the will of the said Charles Sanden, as may be necessary to pay real estate taxes on said farm, premiums for fire insurance on the buildings on said farm and necessary, reasonable expenses for repairs to said buildings and maintenance and upkeep thereof; and it is further ordered that whenever Walter F. Sanden expends such funds for such purposes from moneys obtained from the sale of timber on the farm, he shall promptly submit to Richard C. Litzinger an itemized list of the items paid.